IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SHEREA RAMSEUR, KRISTINA POYNTER, JARED BATES, KEVA D. PIPPIN, LINDA J. CUNDALL and GINA LOEHR, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>LIFEPOINT HEALTH, INC., THE BOARD OF DIRECTORS OF LIFEPOINT HEALTH, INC., LIFEPOINT HEALTH RETIREMENT COMMITTEE, and JOHN DOES 1-30,<br><br>*Defendants*. | Civil Action No. 3:24-cv-00994<br>Hon. William L. Campbell, Jr., U.S.D.J.<br>Hon. Alistair E. Newbern, U.S.M.J. |

## DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

### I.  STATEMENT REGARDING SUPPLEMENTAL AUTHORITY

Defendants Lifepoint Health, Inc., the Board of Directors of Lifepoint Health, Inc., and the Lifepoint Health Retirement Committee (collectively "Defendants" or "Lifepoint") respectfully submit this supplemental brief in further support of their motion to dismiss the First Amended Complaint ("FAC"), which remains pending before the Court. This brief is submitted pursuant to the Court's order dated May 30, 2025, *See* ECF No. 42, granting Defendants leave to supplement their motion in light of the U.S. Court of Appeals for the Sixth Circuit's recent decision in *England v. DENSO Int'l Am. Inc.*, 136 F.4th 632 (6th Cir. 2025), which was decided after the instant motion

1

had been fully submitted.[1] As explained below, the Sixth Circuit's decision only further supports Defendants' existing arguments and provides the Court with additional, relevant grounds to dismiss the FAC.

## II.     THE COURT OF APPEALS' DECISION IN *ENGLAND*

In *England,* the Sixth Circuit affirmed the dismissal of a class action alleging that the defendant fiduciaries breached ERISA's duty of prudence by failing to negotiate lower recordkeeping and administrative ("RKA) fees for the 401(k) plan there at issue. The plaintiffs alleged that the plan – a so-called mega plan based on its size and asset level – annually paid its third-party recordkeeper approximately $71 per participant between 2016 and 2020. *See England*, 136 F.4th at 635. The plaintiffs asserted that the plan paid more than double what comparable plans had paid for allegedly equivalent services and that, a result, the plan needlessly paid more than $3 million in RKA charges. *Id*.

The Court of Appeals rejected these claims, holding that the complaint failed to satisfy the context-specific pleading standard required under *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014), and *Smith v. CommonSpirit Health*, 37 F.4th 1160 (6th Cir. 2022). *England*, 136 F.4th at 636. Specifically, the Sixth Circuit stated that it is not enough for the plaintiffs to allege that other plans paid less; rather, they must plead sufficient facts showing that the services at issue were comparable in both *type* and *quality*. *Id* at 637.

In its analysis, the Sixth Circuit stressed that, in the retirement plan context, RKA services are not necessarily fungible and that bundled fee arrangements may reflect variations in quality, scope, and service. *Id*. Although the plaintiffs in *England* argued that all mega plans purchase

---

[1] For the Court's reference, a copy of the Court of Appeals' decision is attached hereto as Exhibit A.

essentially the same services, the appellate court found that this assertion lacked sufficient details. *Id*. The complaint did not identify the services that the subject plan had purchased, or explain how those services compared in scope and quality to those provided to the comparator plans. *Id*. Thus, the Sixth Circuit concluded that this omission was fatal to the plausibility of the claim.

Moreover, the Court of Appeals noted that the comparator plans that the plaintiffs had cited were not reliable benchmarks, since several had substantially fewer assets than the defendant plan, some were not mega plans, and the range of fees among the comparators demonstrated substantial variations. *Id*. The Sixth Circuit concluded that these inconsistencies, combined with the lack of detail regarding actual services rendered, failed to support a sufficient inference of imprudence.

Building on its holdings in *Smith* and *Forman v. TriHealth, Inc.*, 40 F.4th 443 (6th Cir. 2022), the Court of Appeals held that claims of excessive recordkeeping fees must be tied to specific factual allegations showing that the fees were excessive in relation to the services provided, not just higher than an asserted industry average. *Id*. The Sixth Circuit explicitly declined to adopt the analytical framework of the Seventh Circuit's decision in *Hughes v. Northwestern Univ.*, 63 F.4th 615 (7th Cir. 2023), which had permitted such claims to survive based on generalized allegations about market competitiveness and economies of scale. *Id* at 638.

In sum, *England* confirms that, in the Sixth Circuit, a plaintiff alleging that an ERISA plan incurred excessive recordkeeping fees must offer more than cost comparisons and generalized allegations concerning market efficiency. Rather, the Complaint must plead concrete, context-specific facts regarding the actual services received by the plan and explain why the fees paid were unreasonably high in relation to those services. Plaintiffs have failed to do so here.

<u>**LEGAL ARGUMENT**</u>

**THE SIXTH CIRCUIT'S DECISION IN *ENGLAND* IS ON ALL FOURS WITH THE ARGUMENTS THAT LIFEPOINT HAS ALREADY MADE IN SUPPORT OF ITS MOTION TO <u>DISMISS.</u>**

The *Ramseur* plaintiffs have pleaded the same failed allegations that the Sixth Circuit rejected in *England* and similarly fail to plausibly allege that the Defendants breached any duty of prudence under ERISA. Despite Plaintiffs' attempt to paint LifePoint as having failed to control the Plan's recordkeeping costs, their allegations rest on generalized market comparisons and conclusory assertions about the fees that the Plan paid, but never on specific factual content that would plausibly support a fiduciary breach.

Significantly, the District Court in *England* never let the case move to the discovery stage and dismissed the Complaint with prejudice. Indeed, the plaintiffs' allegations had to stand on their own without the benefit of discovery. The Sixth Circuit affirmed.

The *Ramseur* plaintiffs' Complaint and the complaint in *England* share many similarities. Both cases involve so-called mega plans that allegedly paid excessive RKA fees. In *England*, the plaintiffs alleged that the plan paid annual recordkeeping fees totaling about $71 per participant, which the Sixth Circuit analyzed in the context of the services provided. The Court of Appeals ultimately held that the plaintiffs' excessive fee allegations could not stand, because the plaintiffs had failed to specify what services the plan received in exchange.

In the same way, the *Ramseur* plaintiffs allege that the Plan's fees averaged $48.57 per participant annually during the class period which runs from 2018 to 2024. At the outset, the Defendants note that the fees in *England* were substantially higher than those which the Lifepoint Plan allegedly paid.

4

As in *England*, the central flaw in Plaintiffs' claim is the absence of valid comparator data. The Sixth Circuit emphasized that a plaintiff must do more than allege a plan paid more than a generic market average. Instead, the complaint must identify specific plans of similar size and complexity that paid materially less for equivalent services – while describing those services in detail.

The *Ramseur* plaintiffs rely on two sources: (a) a stipulated range from the *Moitoso* litigation (which ranged from $14 to $21 per participant); and (b) selected data from Chevron's Employee Savings Investment Plan, neither of which satisfies the comparator criteria set forth in *England*. In addition, as discussed in Defendants' moving and reply papers, Plaintiffs do little more than provide a table that identifies each comparator company's plan, confirms that the plan has more than $1 billion under management, specifies the number of plan participants, and then gives a bottom line as to what the Plan paid for recordkeeping services. The table is brief, shallow in its analysis, and follows the same playbook that the Sixth Circuit rejected in *England.*.

Specifically, the *Ramseur* plaintiffs argue that similar plans have paid RKA fees of less than $26 per participant; however, this figure fails to account for plan-specific data. Unlike *England*, in which the Court of Appeals emphasized the need for detailed comparator evidence, Plaintiffs have not provided any meaningful details to demonstrate $26 is a realistic or appropriate benchmark in this instance. They blame Lifepoint for having engaged three service providers – namely, Wells Fargo, Prudential, and Vanguard – but without taking the analysis any farther than that. Plaintiffs offer no facts to show this alleged arrangement led to duplication of services, waste, or excessive expenses. The Sixth Circuit in *England* made clear that fiduciaries are not required to select the lowest possible fee but must act prudently given all the factors, including the total mix of services offered.

<u>**CONCLUSION**</u>

For all the foregoing reasons, defendants Lifepoint Health, Inc., the Board of Directors of Lifepoint Health, Inc. and the Lifepoint Health Retirement Committee respectfully request that the Court grant their motion to dismiss the First Amended Complaint.

Dated: June 17, 2025

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI LLP

By:<u>/s/ *Samantha Gerken*</u>
Samantha Gerken (BPR #033582)
Brendon C. Pashia (TN BPR #040543)
Douglas E. Motzenbecker (NY DM0937), *pro hac vice*
4031 Aspen Grove Drive - Suite 290
Franklin, Tennessee 37067
Telephone: 615-772-9014
Facsimile: 615-970-7490
bpashia@grsm.com
dmotzenbecker@grsm.com

*Attorneys for Defendants Lifepoint Health, Inc., the Board of Directors of Lifepoint Health, Inc. and the Lifepoint Health Retirement Committee.*

Attachment (Exhibit A)

6

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2025, I caused the within Supplemental Memorandum of Law to be filed electronically with the Clerk of the U.S. District Court for the Middle District of Tennessee, via PACER. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system:

Nicholas D. Waite
Law Offices of Nicholas D. Waite, PLLC
112 East High Street
Lebanon, Tennessee 37087
waitelawoffices@ndw4u.com

Mark K. Gyandoh
James A. Maro
Capozzi Adler, PC
312 Old Lancaster Road
Merion Station, Pennsylvania 19066
markg@capozziadler.com
jamesm@capozziadler.com

*Attorneys for Plaintiffs*

*/s/ Nicole Canter*
Nicole Canter

I further certify that on June 18, 2025, I caused true and complete copies of the foregoing papers to be served upon opposing counsel by way of U.S. mail.

*/s/ Nicole Canter*
Nicole Canter

7